UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRAFIGURA BEHEER B V, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-05-378 |
| § | |
| M/T PROBO ELK, *et al*, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendants' motion to dismiss based on forum selection clause (Instrument No. 13). For the following reasons, the court **ORDERS** that the motion is **GRANTED**.

## I.  RELEVANT FACTS

This case arises out of the shipment 32,987,424 metric tons of naphtha from the Port of Skikda, Algeria, to Rotterdam, The Netherlands. Plaintiff Trafigura Beheer B.V. ("Trafigura") was the owner and shipper of the naphtha. The naphtha was transported aboard the M/T Probo Elk pursuant to a charter party entered into between Trafigura and Defendants Probo Elk Shipping ("Probo") and Laurin Tankers America, Inc. ("Laurin"). The charter party incorporates the BEEPEEVOY 3 charter party form. See fixture (Instrument No. 13, Ex. 1). Clause 55 (the "Forum Selection Clause") of the BEEPEEVOY 3 charter party form provides in relevant part "[T[he High Court in London shall have exclusive jurisdiction over any dispute which may arise out of this Charter."See BEEPEEVOY 3 Form, Clause 55 (Instrument No. 13, Ex. 2).

According to Trafigura, the naphtha was loaded onto the M/T Probo Elk in good condition. However, when the ship arrived in Rotterdam the naphtha was discovered to be contaminated. The intended buyer, Shell Nederland Raffnaderij B.V., rejected the shipment, and Trafigura was forced to search for an alternate buyer. Eventually a New Jersey company purchased the naphtha, taking delivery in Houston, Texas. The naphtha was transported to the United States by Defendants.

Trafigura filed its Original Complaint with this court on 4 February 2005, claiming breach of contract, breach of bailment, and negligence related to the contamination of the naphtha. Trafigura seeks $775,000 in damages. To avoid the arrest of the vessel, Defendants entered into a Letter of Undertaking with Plaintiff. See Letter of Understanding (Instrument No. 14, Ex. A).

## II. APPLICATION OF LAW TO THE FACTS.

It is well settled that "federal courts must presumptively enforce forum selection clauses in international transactions." Haynsworth v. The Corporation, 121 F.3d 956, 962 (5th Cir. 1997) (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972). In this case, Trafigura's cause of action arises out of the charter party between it and Defendants, making it subject to the forum selection clause contained in the BEEPEEVOY 3 contract.

Trafigura makes two arguments against enforcing the forum selection clause. First, it argues that the forum selection clause applies only to the naphtha's shipment from Skikda to Rotterdam and not its shipment from Rotterdam to the United States. Resp. at 4 (Instrument 14). Whether this is the case is irrelevant. Trafigura's complaint seeks to recover for events occurring during the naphtha's shipment from Skikda to Rotterdam, a period covered by the charter party. Trafigura's second argument is that the forum selection clause has been

superceded by the Letter of Undertaking.  This suggestion is belied by the Letter of Undertaking, which does not purport to supercede the parties' original agreement and expressly reserves all defenses.[1]

**III.  CONCLUSION**

For the aforementioned reasons, the court **ORDERS** that Defendants' motion (Instrument No. 13) is **GRANTED**.

Signed at Houston, Texas, this 2nd day of May, 2006.

_____
Melinda Harmon
United States District Judge

---

[1] The letter of undertaking contains the following language:
It is further intended by this undertaking that the rights of Trafigura Beheer BV Amsterdam and of the M/T PROBO ELK and her claimant be, and for all purposes shall be taken to be, consistent with the M/T PROBO ELK having been arrested under process issued out of the United States District Court for the Southern District of Texas at Houston and released by the filing of a release bond, **reservation being made on behalf of M/T PROBO ELK and her claimant of all other defenses and objections otherwise available**, including but not limited to limitation of or exoneration from liability, arbitration and/or the right to counter security, except as may be predicated on the fact that the vessel was released on the basis of this undertaking rather than on posting of a release bond. Letter of Undertaking at 2 (Instrument 14, Ex. A).